I commend you, Your Honor, for paying attention to the importance of the 20-year-old case. Count Smither, Your Honor, required since reformatting the Court of Appeals Clause to better the discretion of the House of Custodians of Legislative Constitutions, writing many times in the memo, so very well. In part, I need to introduce the discretion to improve its follow-up time, in the sense that the purpose of the Reform Act was to relieve discretion in the district and to narrow the amount of discretion, so as to coordinate disparities between students and tribunals. In fairness, this is manifest in two sentences. One is 3182, which states that the position of the Supreme Court and the position of sentences in the Court in determining the length of terms are to be considered by the Judiciary Board. Sentence 3182-3-A, to be extended as a quote, the English sentence, of course, is 3182-3-A, the position of sentences in the Court in determining the party pursuant to the Supreme Court's reference to the sentence. In fact, it is a statement that, in view of the presentation of a clear effect against the determination of a sentence, works for the government to dismiss a certain charge as that lowers the statute of arguments that is determining the sentence, and may not be unambiguously reasonable. In this very well-said piece of argument, we have both searched and came up with very clear understandings. This is the first interesting argument, and this is the one that I would expect to be in the committee agreement with the District Court on the line of decision distribution referring to the committee agreement with these institutes. It is sufficient that the committee did not apply the statute of arguments guidelines to the theory that the committee pretexted the agreement based upon its own I think the consensus of policy, policy, etc., is that the committee has to agree to the agreement as long as it is in the court. Well, of course, your authority in the committee agreement in the first instance gives us a nice call to the intermediate version. In the prosecutor, in the military engineering, in the statute of the agreement, Oh, yes. In that case, the committee has to agree to the agreement. But, yes, the new and reliable substance of the agreement is something that doesn't occur here in the judiciary. So I'm happy with the idea. Of course, the enforcery group in charge is being dismissed, and he has decided the case on broad policy considerations. The court is not going to do anything else. Why the energy? Because the case seems unsound. So what's the threat? I mean, there's a lot of potential to be caused by this issue. I mean, it costs energy, and there's a lot of potential consequences. I mean, it could set the bar for a rejection of the agreement. But there's not a sense to it. It's a future. But it's a future. It's not an agency. It's not a government. It's not a judiciary. When the judge rejects that, the judge is rejecting the sentence agreed between the parties. But even if he does so, it's a future inappropriate. Right? Well, that's the judge's view. He's a prosecutor. He's a judge. Right. Right. Right. Thank you. Yes. Yes. Yes. Yes. Yes. Thank you. Yes. Thank you.
judges: Tashima, M. Smith, Korman